**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **KENDRICK LAMEL WASHINGTON,** | ) | |
| **ID # 58401-177,** | ) | |
| **Movant,** | ) | |
| | ) | **No. 3:20-CV-2570-S-BH** |
| **vs.** | ) | **No. 3:19-CR-86-S(4)** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| **Respondent.** | ) | **Referred to U.S. Magistrate Judge[1]** |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court are the *Amended Motion Under 28 U.S.C. Section 2255, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, received on September 25, 2020 (doc. 4), and the *Defendant's Motion Requesting Leave To Alter, And:* [sic] *Amend Original Section 2255 Motion*, received on April 14, 2023 (doc. 33). Based on the relevant filings and applicable law, the motion to amend is **GRANTED**, and the motion to vacate should be **DENIED** with prejudice.

## I.    BACKGROUND

Kendrick Lamel Washington (Movant) challenges one of his federal convictions and sentences in Cause No. 3:19-CR-86-S(4). The respondent is the United States of America (Government).

**A.    Conviction and Sentencing**

After being charged by complaint and superseding indictment, Movant was charged by superseding information on April 29, 2019, with conspiracy to possess with intent to distribute a controlled substance in violation of 21 U.S.C. § 846 (Count One), and possession of a firearm in

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count Two).  (*See* docs. 1, 19, 110.)[2]  The predicate drug trafficking crime under Count Two was the conspiracy offense charged in Count One.  (*See* doc. 110 at 4.)[3]  On May 7, 2019, Movant pled guilty to both counts of the superseding information, under a plea agreement.  (*See* docs. 107, 125.)

In his plea agreement, Movant stated that he understood and waived his rights to plead not guilty, to have a trial by jury, to have his guilt proven beyond a reasonable doubt, to confront and cross-examine witnesses, to call witnesses, to not be compelled to incriminate himself, and to have his case presented to a federal grand jury.  (*See* doc. 107 at 1.)  The plea agreement set out the range of punishment for each count; it stated that Movant had reviewed the federal sentencing guidelines with counsel, he understood his sentence would be imposed by the Court after consideration of the sentencing guidelines, which were advisory and not binding, and no one could predict with certainty the outcome of its consideration of the guidelines.  (*See id.* at 2-4.)  He understood that the Court had sole discretion to impose the sentence in his case.  (*See id.* at 4.)  The plea agreement also included a sentencing agreement provision under Federal Rule of Criminal Procedure 11(c)(1)(B).  (*See id.* at 7.)  Under the sentencing agreement provision, the Government agreed to recommend that Movant be sentenced to 240 months' imprisonment on Count One and to 120 months' imprisonment on Count Two, to be served consecutively; Movant understood that the recommendation was not binding on the Court.  (*See id.*)  He had thoroughly reviewed all legal and factual aspects of the case with counsel and believed it was in his best interest to enter into the plea agreement and all its terms, rather than proceed to trial.  (*See id.* at 9.)  The guilty plea was freely and voluntarily made; it was not the result of force, threats, or

_____

[2] Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying criminal action, No. 3:19-CR-86-S(4).
[3] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

promises apart from those included in the plea agreement.  (*See id.* at 8.)

In the plea agreement, Movant also waived his right to appeal his conviction and sentence and his right to otherwise contest his conviction and sentence in a collateral proceeding, except that he reserved the right (a) to bring a direct appeal of a sentence exceeding the statutory maximum punishment or an arithmetic error at sentencing, (b) to challenge the voluntariness of his guilty plea or the waiver, and (c) to bring a claim of ineffective assistance of counsel.  (*See id.*) In exchange, the Government agreed not to bring any additional charges against him based on the conduct underlying and related to his guilty plea, and to dismiss after sentencing any remaining charges in the pending indictment.  (*See id.* at 6-7.)

Movant agreed the factual resume he signed was true and would be submitted as evidence. (*See id.* at 2.)  The factual resume set out the essential elements of each count, and included stipulations by Movant that:

> Beginning in or about March 2018 and continuing until February 2019, in the Dallas Division of the Northern District of Texas and elsewhere, [Movant] and other persons both known and unknown to him, agreed to and engaged in the distribution of quantities of a mixture or substance containing a detectible amount of heroin, a Schedule I controlled substance.
>  . . .
>
> [Movant] admits and acknowledges that during the period the conspiracy was ongoing, he distributed quantities of heroin and other drugs to multiple customers. . . .
>
> [Movant] further admits and acknowledges that he was frequently inside [a drug dealer codefendant's] "trap" rooms and on multiple occasions acted as an enforcer on behalf of [the co-defendant].  [Movant] admits he used tactics designed to instill fear and intimidation in individuals that [the co-defendant] believed had stolen from him or owed him money. . . .
>
> [Movant] stipulates that during the conspiracy, he and numerous codefendants possessed handguns and other firearms on multiple occasions. [Movant] admits that on or about November 21, 2018, he was armed with a handgun inside Room #340 when he learned that one of [the co-defendant's] workers in a separate "trap" room (Room #352) had been shot.  [Movant] admits that after learning about the shooting,

he brandished his handgun and fired multiple shots down the corridor of the hotel
in the direction of Room #352.
. . .

(doc. 106 at 3-4.)[4]

At his re-arraignment on May 7, 2019, Movant acknowledged under oath that he
understood the rights he was giving up by pleading guilty, and that he had read, understood, and
discussed with counsel the charges in the superseding information.  (*See* doc. 734 at 5-6; 10-11,
13-15.)  The prosecutor read the essential elements for each count and noted that the essential
elements set out in the factual resume for Count Two should read that Movant "knowingly used,
carried, brandished, and discharged a firearm during and in relation to the commission of the crime
charged in Count One", and he asked that the term "discharged" be added to the essential elements
set forth in the factual resume.  (*See id.* at 16-17.)  Both Movant and his counsel stated that they
did not object to the oral amendment of the factual resume the record.  (*See id.* at 17.)  Movant
subsequently admitted that each of the essential elements, as amended, for each offense was
satisfied by his conduct and/or the conduct of others for whom he was criminally responsible; he
affirmed that he had read and understood the plea agreement and the factual resume and discussed
them with counsel, and the stipulated facts in the factual resume were true and correct, with the
exception of an agreed modification made on the record.[5]  (*See id.* at 17-20; 26-28.)  He also
acknowledged that he was waiving his right to appeal except under the very limited circumstances
set out in the plea agreement.  (*See id.* at 21-22.)  He understood that the Court alone would
determine his sentence after consideration of the advisory sentencing guidelines, a Presentence

---

[4] According to the factual resume, "'Trap' rooms were hotel rooms specifically used to distribute drugs to customers."
(doc. 106 at 3.)

[5] Movant and the Government agreed to strike the statement in the factual resume that he was in a "trap" room with a
co-defendant on December 20, 2018, when that co-defendant brandished and discharged a handgun while questioning
someone. (*See* doc. 734 at 26-27.)

Investigation Report (PSR) that could include facts not set out in his factual resume or exclude facts that were, any challenges to the PSR, possible departures under the guidelines, and the sentencing factors under 18 U.S.C. § 3553(a). (*See id.* at 6-10.) He understood that he should not depend or rely on any statement or promise by anyone as to what penalty would be assessed against him, and he affirmed that no promise or assurance had been made to him to induce him to plead guilty and that no one had attempted to force him to plead guilty. (*See id.* at 7-8, 22.) He pled guilty to each count of the superseding information, and his guilty plea was found to be knowing and voluntary and supported by independent bases in fact. (*See id.* at 25, 28; docs. 127, 152.)

On August 1, 2019, the United States Probation Office (USPO) prepared a PSR in which it applied the 2018 United States Sentencing Guidelines Manual. (*See* doc. 206-1 at ¶ 40.) Based on the drug quantities for which the PSR determined Movant was accountable, the base offense level for Count One was 36. (*See id.* at ¶¶ 35, 43.) Two levels were added based on the possession of a dangerous weapon, and two levels were added based on the use of violence, a credible threat to use violence, or direction of the use of violence, resulting in an adjusted offense level of 40. (*See id.* at ¶¶ 44-45, 49.) The PSR determined that the career offender provisions of U.S.S.G. § 4B1.1(a) applied, but under § 4B1.1(b)(3), Movant's adjusted offense level was unchanged. (*See id.* at ¶ 50.) Three levels were deducted for acceptance of responsibility, resulting in a total offense level of 37 for Count One. (*See id.* at ¶¶ 51-53.) The PSR indicated that the mandatory minimum consecutive penalty required by § 924(c) for Count Two was 120 months' imprisonment. (*See id.* at ¶ 54.) Based on a total offense level of 37 and a criminal history category of VI, the guideline imprisonment range was 360 months to life. (*See id.* at ¶ 97.) Because Movant was a career offender convicted of an offense under § 924(c), however, an increase of 120 months to the applicable guideline range was required, and the applicable guideline imprisonment range became

5

480 months to life. (*See id.* at ¶¶ 54-55, 97.)

On October 11, 2019, the USPO issued an addendum to the PSR in which it corrected an error in the calculation of Movant's offense level. (*See* doc. 356-1.) The addendum determined that the two-level enhancement for possession of a firearm should not have been applied for Count One. (*See id.* at 1.) After the removal of the two-level firearm enhancement, Movant's new total offense level became 35 for Count One. (*See id.* at ¶¶ 44, 53.) Based on the new total offense level of 35 and a criminal history category of VI, the guideline imprisonment range was 292 to 365 months; because Movant was a career offender convicted of an § 924(c) offense, the applicable guideline imprisonment range became 412 to 485 months. No objections to the PSR or addendum were filed.

At the sentencing hearing on October 25, 2019, the Court heard arguments from the parties regarding whether there were justifiable reasons to accept the plea agreement's non-binding Rule 11(c)(1)(B) recommendation because the recommended sentence of 360 total months' imprisonment was outside and below the applicable guideline imprisonment range. (*See* doc. 573 at 7, 9-12.) The Court adopted the statements and guideline applications in the PSR and its addendum as its findings of fact, and it accepted the Rule 11(c)(1)(B) sentence recommendation. (*See id.* at 9, 14.) By judgment dated October 30, 2019, Movant was sentenced to 240 months' imprisonment on Count One and to 120 months' imprisonment on Count Two, to run consecutively and be followed by a five-year term of supervised release. (*See* doc. 398 at 1-3.) Movant did not appeal his convictions or sentences.

## B.    **Substantive Claims**

Movant asserts the following grounds for relief as to his conviction and sentence on Count

Two[6]:

> (1) Denial of Effective Assistance of Counsel;
>
> (2) Denial of Effective Assistance of Counsel; and
>
> (3) Due Process Rights Violated.

(No. 3:20-CV-2570-S-BH, doc. 4 at 7.)  The Government filed a response on December 23, 2020.  (*See id.*, doc. 14.)  On February 9, 2021, Movant filed a reply.  (*See id.*, doc. 20.)  On April 14, 2023, received from Movant was a motion to amend his § 2255 motion to raise additional grounds of ineffective assistance of counsel alleging that counsel: "1). failed, to secure, and: [sic] protect the rights of the [Movant], 2). [failed to] institute, and request adequate discovery from the executive office of: [sic] United States attorneys in an endeavor to learn events leading up to and: [sic] including, the arrest of the [Movant] in this case, and 3). further, failed to institute complete and: [sic] continuing discovery, in an endeavor to: 4). file a successful pretrial motion to suppress all tangle [sic] evidence seived [sic] in this case – during, the execution of: [sic] at least one State of Texas search warrant – in violation, of the Fourth and: [sic] Sixth Amendments to the Constitution for the United States, in response to the [Movant's] illegal arrest, and: [sic] a subsequent search of his residence, and: personal tangible property located at the [hotel involved in the conspiracy.]"  (*Id.*, doc. 33 at 2-3; *see also id.* at 7.)

## II.    SCOPE OF RELIEF UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted).  It is well-established that "a

---

[6] Movant does not assert any claims challenging his conspiracy conviction or sentence in this habeas action.

collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (en banc) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).

A failure to raise a claim on direct appeal may procedurally bar an individual from raising the claim on collateral review. *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Defendants may only collaterally attack their convictions on grounds of error omitted from their direct appeals upon showing "cause" for the omission and "actual prejudice" resulting from the error. *Shaid*, 937 F.2d at 232. "[T]here is no procedural default for failure to raise an ineffective-assistance claim on direct appeal", however, because "requiring a criminal defendant to bring [such] claims on direct appeal does not promote the[ ] objectives" of the procedural default doctrine "to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 503-04 (2003). The Government may also waive the procedural bar defense. *Willis*, 273 F.3d at 597.

### III.    MOTION TO AMEND

By motion received on April 14, 2023, Movant sought leave to present new claims of ineffective assistance of counsel relating to the investigation of warrants executed against him in the underlying criminal case. (*See* No. 3:20-CV-2570-S-BH, doc. 33 at 2-3, 7-8.)

Rule 15 of the Federal Rules of Civil Procedure provides for the relation back of amendments filed after the expiration of the limitations period to the date of the original pleading when the claim asserted in the proposed amended pleading arises out of the same conduct, transaction, or occurrence.[7] *See* Fed. R. Civ. P. 15(c)(1); *United States v. Saenz*, 282 F.3d 354, 356 (5th Cir. 2002) (recognizing that Rule 15 applies in § 2255 proceedings). Habeas claims do

---

[7] The new claims were raised for the first time in Movant's motion to amend the § 2255 motion, which was filed over one year after his conviction became final under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104–132, 110 Stat. 1214.

not automatically arise of the same occurrence for purposes of Rule 15 merely because they arise out of the same trial and conviction, however. *See Mayle v. Felix*, 545 U.S. 644, 661-64 (2005) (holding that an amended habeas petition under 28 U.S.C. § 2254 "does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth."); *United States v. Duffus*, 174 F.3d 333, 338 (3d Cir. 1999) ("A prisoner should not be able to assert a claim otherwise barred by the statute of limitations merely because he asserted a separate claim within the limitations period."); *see also Sharper v. Dretke*, No. 3:01-CV-1405-P, 2004 WL 1074068, at *4-5 (N.D. Tex. May 12, 2004), *rec. adopted*, 2004 WL 1348592 (N.D. Tex. June 14, 2004). Moreover, "[n]ew claims of ineffective assistance of counsel do not automatically relate back to prior ineffective assistance claims simply because they violate the same constitutional provision. Rather, [courts] must look to whether [the movant's] new claim asserts 'a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth.'" *United States v. Gonzalez*, 592 F.3d 675, 680 (5th Cir. 2009) (quoting *Mayle*, 55 U.S. at 650).

When a responsive pleading has already been filed, as here, Rule 15(a) permits a party to amend his pleading only with either the opposing party's written consent or the court's leave. Under this rule, the court should freely give leave when justice requires. Fed. R. Civ. P. 15(a)(2). Leave to amend should not be denied "unless there is a substantial reason to do so." *Jacobsen v. Osborne*, 133 F.3d 315, 318 (5th Cir. 1998) (citation and internal quotation marks omitted). The motion to amend is **GRANTED**, and the new claims are considered.

Movant's amended § 2255 motion generally alleges: (1) counsel was ineffective in explaining the elements of the challenged conviction during plea negotiations; (2) counsel was ineffective for failing to investigate and object to the facts supporting the conviction; (3) counsel

was ineffective for failing to advise about and investigate an affirmative defense; (4) counsel was ineffective for failing to investigate and call witnesses; (5) involuntary guilty plea; (6) prosecutorial misconduct; (7) court error; and (8) violation of due process rights. Because his new claims generally allege that his counsel failed to investigate, they may be construed as arising out of the same conduct, transaction, or occurrence as his prior failure-to-investigate claims, so they relate back to timely filed claims under Rule 15(c). *See United States v. Gregg*, No. 2:17-191, 2019 WL 1780087, at \*3 (S.D. Tex. Apr. 23, 2019) (finding that the movant's amended claims that counsel did not perform an adequate investigation related back to original claims that included counsel's failure to effectively investigate or communicate about the case); *United States v. Brown*, No. 3:06-CV-1830-N(BH), 2008 WL 4791392, at \*2 (N.D. Tex. Oct. 31, 2008) (finding that because the movant's initial allegations were so general, his new claim could be construed as arising out of the original bases for relief and therefore related back).

## IV.    INEFFECTIVE ASSISTANCE OF COUNSEL

The Sixth Amendment to the United States Constitution provides, in relevant part, that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. CONST. amend. VI. It guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To successfully state a claim of ineffective assistance of counsel, the movant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 687. A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *Id.* at 697. The Court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

10

In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691. To establish prejudice, a movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694; *see Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (recognizing that the inquiry focuses on "whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair."). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent counsel's alleged errors. *Strickland*, 466 U.S. at 695-96.

## A.     Elements of Count Two

In his first ground, Movant contends that the day the plea agreement was signed, his "Trial Attorney fail [sic] to explain the elements of the crime [Movant] was pleaing [sic] guilty to." (No. 3:20-CV-2570-S-BH, doc. 4 at 7; *see also id.*, doc. 4 at 18.) He argues that counsel "deliberately fail [sic] to advocate on behalf of [Movant] when he agreed with the government to change and charge [Movant] for [a] [sic] crime he did not commit under the statutory language of Title 18 USC § 924(c)(1)(A)(iii)." (*Id.*, doc. 4 at 15-16.) He claims that counsel failed "to explain the modus operandi, to which [Movant] was pleading guilty to, of [sic] 18 USC § 924(c)(1)(A)(iii)[.]" (*Id.*, doc. 4 at 18; *see also id.*, doc. 20 at 17.) He also claims that "[e]xplaining the elements broadly and vaguely does not mean that [Movant] was given true Notice or that he was privy to, the prohibited acts of violation of the § 924(c) statute." (*Id.*, doc. 4 at 19; *see also id.*, doc. 20 at 17.)

11

He alleges that the "misinformation of the elements of § 924(c)(1)(A)'(iii)' [sic] charge affected his decision to plea [sic] guilty to a crime he feels he did not commit within the meaning of the statute," and that he "would not have plead [sic] but for the misadvise [sic] of [counsel]." (*Id.*, doc. 4 at 20-21.) He also claims that "had [counsel] challenged the government during plea negotiations, [Movant] more likely than not, would of [sic] gotton [sic] a better deal, § 924(c)(1)(A)(i)." (*Id.*, doc. 4 at 30.)

Even assuming for purposes of this motion only that counsel rendered deficient performance in explaining the § 924(c) offense to Movant and not challenging the § 924(c)(1)(A)(iii) violation, as alleged, *Strickland* also requires a showing of resulting prejudice. Movant offers only conclusory allegations of prejudice unsupported by the record. (*See id.*, doc. 4 at 20-21, 30.) A court should not "upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies. Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences." *Lee v. United States*, 137 S. Ct. 1958, 1967 (2017); *see also United States v. Guzman*, No. 19-10783, 2021 WL 4610124, at *3 (5th Cir. Oct. 6, 2021) (per curiam) (holding that the movant "must substantiate any preference to proceed to trial—if he had been properly advised on the sentence he was facing—with 'contemporaneous evidence,' not post hoc assertions."). Further, Movant provides no facts or evidence to show that the Government would have agreed to a "better deal" by charging only a violation of § 924(c)(1)(A)(i) and recommending a sentence under Rule 11(c)(1)(B) of less than 120 months as to Count Two,[8] or that the Court would have accepted the

---

[8] The statutory penalty range for a conviction under § 924(c)(1)(A)(i) is five years to life imprisonment. *See, e.g.*, *Kimbrough v. United States*, 552 U.S. 85, 92 n.1 (2007). The statutory penalty range when a firearm is discharged under § 924(c)(1)(A)(iii) is ten years to life imprisonment. *See* 18 U.S.C. 924(c)(1)(A)(iii).

recommendation.[9]  Because Movant offers nothing beyond conclusory and *post hoc* allegations of prejudice to support his claim, he has failed to show a reasonable probability that he would have rejected the plea agreement and insisted on proceeding to trial, or that he would have received a better plea deal absent counsel's alleged deficiencies.  He has failed to satisfy the prejudice prong of *Strickland*, and the claim should be denied.

## B.    Failure to Investigate and Object

In his second ground, Movant contends that "Trial Attorney fail [sic] to investigate and object to the proposed legal conclusions" pertaining to Count Two.  (No. 3:20-CV-2570-S-BH, doc. 4 at 7; *see also id.*, doc. 4 at 21.)  He argues that counsel "fail[ed] to compare the actual facts surrounding the alleged shooting and the elements of discharging a firearm in relation to and/or in furtherance of a drug trafficking crime."  (*Id.*, doc. 4 at 22.)

"[C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary."  *Strickland*, 466 U.S. at 691.  "A defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial," however.  *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989); *see also United States v. Glinsey*, 209 F.3d 386, 393 (5th Cir. 2000) (stating, in context of direct appeal, that "[t]o establish his failure to investigate claim, [the defendant] must allege with specificity what the investigation would have revealed and how it would have benefitted him.").  "[T]here is no presumption of prejudice based on the failure to investigate."  *Gonzalez v. United States*, Nos. 5:19-CV-145, 5:15-

---

[9] In his *post hoc* assertions that he would have proceeded to trial absent counsel's alleged deficiencies, Movant ignores any additional sentencing exposure he would have faced had he proceeded to trial and been convicted under the superseding indictment, which charged him with three additional counts of conspiracy, distribution of a controlled substance, and felon in possession of a firearm, and which the Government agreed to dismiss in exchange for his guilty plea to the two counts of the superseding information.  (*See* doc. 19 at 6, 13-14.)

13

CR-1112-01, 2020 WL 1893552, at *3 (S.D. Tex. Jan. 24, 2020) (citing *Woodard v. Collins*, 898 F.2d 1027, 1029 (5th Cir. 1990)).

Here, Movant claims that "[i]f [a] [sic] proper investigation would of [sic] been conducted by [counsel], he would of [sic] learned that the facts dispute a § 924(c)(1)(A)(iii) charge."  (No. 3:20-CV-2570-S-BH, doc. 4 at 23-24.)  He appears to contend that counsel would have learned from an investigation that on November 21, 2018,

> a male person entered room 352 and informed [Movant's] uncle that he wanted to buy drugs. . . [sic] However, because no one inside the room knew who this person was, he was bluntly ordered to leave.  The man left, but came back looking for a woman.  Again, he was order [sic] to leave as no one there knew the person he was looking for.  He was escorted out of Room 352, but he forcefully re-entered the room and pulled out a handgun and started shooting, hitting [Movant's] uncle in the upper thigh and another in the stomach.  Both victims then wrestle [sic] the assailant for the firearm.  At no time did people inside room 352, offer, gave [sic], or sell ["any"] [sic] narcotics to the Assailant.

> At the time of the shooting, [Movant] was at a different hallway of the [drug-involved hotel], room 340.  A person who was with the victims of the shooting went running over to [Movant's] room and inform [sic] that his uncle had been shot. [Movant] went outside his room into the other corridor and parking lot where he saw the Assailant running toward the apartment complex next to the hoktel [sic].  At that moment, [Movant] did discharged [sic] his firearm.  At no time was [Movant] in room 352 when the shooting occur [sic].  At no time did [Movant] offer, gave [sic], or sell [any] [sic] narcotics to the violent assailant.

(*Id.*, doc. 4 at 24-25.)  According to Movant, "[w]hat happen [sic] on November 21, 2018, at the [drug-involved hotel] – Room 352, negates the necessary elements of a § 924(c)(1)(A)(iii) charge." (*Id.*, doc. 4 at 27.)

Even assuming for purposes of this motion only that counsel rendered deficient performance by failing to investigate the events of November 21, 2018, and failing to object that the facts failed to satisfy § 924(c)(1)(A)(iii), as alleged, Movant must also show *Strickland* prejudice, i.e., a reasonable probability that the outcome of the proceedings would have been different absent counsel's alleged deficiencies.  To show prejudice in the sentencing context, a

14

movant must demonstrate that the alleged deficiency of counsel created a reasonable probability that his sentence would have been less harsh.  *See Glover v. United States*, 531 U.S. 198, 200 (2001) (holding "that if an increased prison term did flow from an error [of counsel] the petitioner has established *Strickland* prejudice.").  One cannot satisfy the second prong of *Strickland* with mere speculation and conjecture.  *See Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992).

"Section 924(c)(1)(A) sets out the penalty for those who 'use[ ] or carr[y] a firearm, or who, in furtherance of any such crime, possess[ ] a firearm' 'during and in relation to any crime of violence or drug trafficking crime."  *United States v. Montemayor*, 55 F.4th 1003, 1010 (5th Cir. 2022) (quoting 18 U.S.C. § 924(c)(1)(A)) (emphasis removed).  It provides for heightened sentencing penalties when the firearm is brandished or discharged.  *See, e.g.*, *United States v. Garza*, No. 21-40759, 2023 WL 2525655, at *2 (5th Cir. Mar. 15, 2023).  A firearm is used or carried "during and in relation to" a drug trafficking crime under § 924(c) when it has "'some purpose or effect with respect to the drug trafficking crime,'" and "there must be evidence that the defendant 'used the weapon to protect or facilitate [a] drug operation, and that the weapons were in some way connected to the drug trafficking.'"  *United States v. Cole*, 423 F. App'x 452, 460-61 (5th Cir. 2011) (citations omitted).  This element "'is satisfied if the weapons have the potential to facilitate the drug operation,' . . . or if the 'firearm was available to provide protection to the defendant in connection with his engagement in drug trafficking.'"  *Id.* at 461 (citations omitted).  A firearm is possessed "in furtherance" of a drug trafficking crime under § 924(c) when "it furthers, advances, or helps forward that offense."  *United States v. Chapman*, 851 F.3d 363, 382 (5th Cir. 2017).

The record shows that the predicate drug trafficking crime for Movant's § 924(c) conviction was the conspiracy offense charged in Count One of the superseding information.  (*See*

doc. 110 at 4.)  In his factual resume, Movant admitted that during the period of the charged conspiracy, he acted as an enforcer on behalf of a primary drug dealer and co-defendant who operated drug distribution activities of the conspiracy at a hotel where people habitually went to engage in criminal activity.  (*See* doc. 106 at 2-4.)  During the conspiracy, he distributed heroin and other drugs, was frequently inside the "trap" rooms at the hotel, used tactics to instill fear and intimidation in people who the same co-defendant believed had stolen from him or owed him money, and possessed handguns and firearms on multiple occasions.  (*See id.* at 3-4.)  On November 21, 2018, he was armed in a room at the drug-involved hotel when he learned that one of his co-conspirator's workers had been shot in a separate "trap" room.  (*See id.* at 4.)  After learning about the shooting, he brandished and discharged his firearm multiple times in the direction of that "trap" room.  (*See id.*).  At his re-arraignment, Movant admitted under oath that he read and understood the factual resume and that the stipulated facts, as modified at the hearing, were true and correct.  (*See* doc. 734 at 27-28.)  Under these facts, his discharge of his firearm in response to someone shooting his co-defendant's "trap" room workers at the hotel from which the drug-trafficking conspiracy operated "had at least the potential to protect the conspiracy and intimidate competitors and witnesses."  *United States v. Baptiste*, 264 F.3d 578, 588 (5th Cir. 2001), *modified on other grounds*, 309 F.3d 274 (5th Cir. 2002).  His factual resume and sworn admissions provided a sufficient factual basis to establish that he discharged his firearm during and in relation to, or in furtherance of, the charged drug conspiracy.  *See id.*; *Cole*, 423 F. App'x at 461-62.

Aside from conjecture and bald assertions, Movant has not provided any evidence to show a reasonable probability that, had counsel raised the additional facts and details alleged by Movant about the events of November 21, 2018, to challenge the applicability of the heightened penalty

provision of § 924(c)(1)(A)(iii), he would have been successful, and his sentence would have been less harsh.  Further, to the extent his claim relates to the underlying plea proceedings and not sentencing, his conclusory *post hoc* allegations fail to show a reasonable probability that he would have received a better plea deal or that he would have proceeded to trial absent counsel's alleged deficiencies, as discussed.  Because Movant's conclusory *post hoc* allegations of prejudice, unsubstantiated by evidence in the record, fail to satisfy his burden under *Strickland*, he is not entitled to § 2255 relief.  *See, e.g.*, *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition (in state and federal court), unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value."); *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (holding that "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding"); *Lee*, 137 S. Ct. at 1967.  The claim should be denied.

## C.    <u>Affirmative Defense</u>

Movant contends in his first ground[10] that counsel was ineffective based on his "[f]ailure to advise of affirmative defense and failure to investigate."  (No. 3:20-CV-2570-S-BH, doc. 4 at 7.)  He alleges that counsel "erred when he fail [sic] to advise of a potential affirmative defense to the crime charge [sic] . . . [sic] As it will be explain [sic] below."  (*Id.*, doc. 4 at 19.)

Aside from mentioning an alleged failure to advise him about an affirmative defense and generally stating that "he had a clear defense to the allegation in Count Two[,]" however, Movant does not otherwise explain or address this claim.  (*Id.*, doc. 4 at 31.) Because he has failed to allege or identify any affirmative defense about which counsel should have advised him, what

---

[10] Because resolution of some grounds for relief may impact some of the remaining claims, they are considered in an order different than presented by Movant.

investigation counsel could have conducted, or what evidence any investigation would have revealed and how it would have benefitted him, he has not shown that counsel's performance was deficient.  He also has not alleged facts or evidence showing prejudice.  This conclusory claim should therefore be denied.  *See Miller*, 200 F.3d at 282.[11]

## D.    <u>Uncalled Witnesses</u>

Movant also contends in his memorandum in support and reply that counsel was ineffective because he failed to investigate and interview witnesses.  (*See* No. 3:20-CV-2570-S-BH, doc. 4 at 24; *id.*, doc. 20 at 12.)

"[C]omplaints of uncalled witnesses are not favored in federal habeas corpus review because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have stated are largely speculative." *Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009).  In order "to prevail on an ineffective assistance claim based on counsel's failure to call a witness, the [movant] must name the witness, demonstrate that the witness was available to testify and would have done so, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable to a particular defense."  *Id.*; *see also Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985).

Here, Movant fails to identify any witnesses, show that they were available to testify and would have done so, set out their proposed testimony, and show that the testimony would have been favorable to a particular defense.  He therefore has failed to satisfy his burden under *Strickland* to establish ineffective assistance of counsel for not investigating and interviewing alleged witnesses.  *See Day*, 566 F.3d at 538; *Alexander*, 775 F.2d at 602.  This conclusory claim

---

[11] To the extent the § 2255 filings may be liberally construed to allege that the "affirmative defense" to which Movant refers is his contention that the alleged facts supporting his § 924(c) conviction did not establish a violation under § 924(c)(1)(A)(iii), his claim fails for the reasons discussed, and it should be denied on this basis.

should be denied.

E.    **Predicate Offense**

In his reply, Movant contends "that trial counsel was not effective because [Movant's] due process rights were violated because count one does not satisfy §924(c) definition of drug trafficking." (No. 3:20-CV-2570-S-BH, doc. 20 at 14; *see id.*, doc. 20 at 4, 14-16.)

Count Two of the superseding information charged Movant with violation of § 924(c) based on the predicate drug trafficking crime of conspiracy to possess with intent to distribute a controlled substance in violation of §§ 841(a)(1) and (b)(1)(C), all in violation of § 846, as charged in Count One. (*See* doc. 110 at 1-4.) Under § 924(c)(2), a "'drug trafficking crime' means any felony punishable under the Controlled Substance Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46." 18 U.S.C. § 924(c)(2). In the Fifth Circuit, "[t]here is also no question that conspiring to distribute and possess with intent to distribute . . . in violation of 21 U.S.C. §§ 841(b)(1)[ ] . . ., and 846 is a drug-trafficking crime" for purposes of § 924(c)(2). *Cole*, 423 F. App'x at 461; *see also Chapman*, 851 F.3d at 375. Any objection that the conspiracy offense of Count One could not be the predicate drug trafficking crime for purposes of Movant's § 924(c) conviction is without merit. Because counsel is not deficient for failing to make a meritless argument, Movant has not satisfied the first prong of *Strickland*. *See Sones v. Hargett*, 61 F.3d 410, 415 n.5 (5th Cir. 1995) ("Counsel cannot be deficient for failing to press a frivolous point.").

Because Movant has not identified a valid basis for objecting to the predicate drug trafficking crime for his Count Two conviction, he also has failed to show *Strickland* prejudice, i.e., that the objection would have been sustained and the result of the proceeding would have been different but for counsel's alleged deficiency. *See United States v. Kimler*, 167 F.3d 889, 893 (5th

Cir. 1999) ("An attorney's failure to raise a meritless argument. . . cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue.").  Movant has failed to satisfy both *Strickland* prongs, and the claim should be denied.

F.    **Warrants**

In his amended § 2255 motion, Movant contends that "counsel rendered ineffective assistance when he failed to 1). institute, and request adequate discovery from the executive office of United States attorneys [sic], in an endeavor, to learn of events leading up to the arrest, and: [sic] the detention of the [Movant], 2). file a successful pretrial motion to challenge the validity of warrants employed, to i). arrest the [Movant], and ii). Search for evidence of drug distribution of the [Movant] at the [drug-involved hotel], in that, for the arrest, and subsequent search to have complied with the Fourth Amendment, the warrants needed a factual basis showing a nexus between alleged drug dealing, and: [sic] the property such that it was probable that evidence of illegal activity would be found there."  (No. 3:20-CV-2570-S-BH, doc. 33 at 7.)  He claims that "[h]ad counsel instituted a 'thorough, and: [sic] creative investigation. . . [sic],' counsel would had [sic] learned that – according, to information outlined in the February 19th, 2019, arrest warrant, all the DEA [affiant] knew about the [drug-involved hotel] property when he obtained the warrant was that the property had experienced a series of heroin overdose death [sic], and: [sic] that people had sold drug [sic] there."  (*Id.*; *see also id.*, doc. 33 at 3, 20-23.)  According to Movant, the February 19, 2019 arrest warrant and subsequent search warrants were not supported by probable cause.  (*See id.*, doc. 33 at 3, 7-8, 13-15, 26-27.)

Here, Movant was arrested on a criminal complaint charging him only with "knowingly and intentionally distribut[ing] a mixture and substance containing a detectable amount of heroin

20

. . . in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C)" on February 7, 2019. (doc. 1 at 1; *see also* doc. 20.) The probable cause affidavit supporting the application for the arrest warrant set forth that: (1) DEA agents had identified multiple individuals who went to the drug-involved hotel to distribute heroin to customers on a daily basis; (2) the agents had identified Movant, who was a confirmed heroin dealer, at the drug-involved hotel; (3) on February 7, 2019, an undercover officer (UC) ordered four ounces of heroin from Movant; (4) Movant met with the UC at an agreed-upon location and sold him approximately four ounces of heroin for $3,700 the same day; (5) the drug deal was video-recorded; (6) on February 12, 2019, a DEA officer obtained a state arrest warrant for Movant for violating § 481.112 of the Texas Health and Safety Code;[12] and (7) Movant was arrested on February 15, 2019, by local law enforcement under the state arrest warrant. (*See* doc. 1 at 3-4.) The affidavit clearly sets forth sufficient probable cause to support Movant's arrest for knowing and intentional distribution of heroin under § 841(a)(1) and (b)(1)(C).[13] (*See id.*) Because counsel is not deficient for failing to raise meritless arguments, Movant's claims regarding the validity of the challenged arrest warrant do not satisfy the first *Strickland* prong. *See Sones*, 61 F.3d at n.5.

Movant also contends that counsel was ineffective for failing to investigate and challenge search warrants and a "narcotics warrant" for his property at the drug-involved hotel based on an alleged absence of a nexus between the hotel and Movant's drug activities. (*See* No. 3:20-CV-

---

[12] A person violates § 481.112 of the Texas Health and Safety Code if he "knowingly manufactures, delivers, or possesses with intent to deliver a controlled substance. . . ." Tex. Health & Safety Code § 481.112.

[13] Movant appears to believe the arrest warrant affidavit also had to provide probable cause for the subsequent conspiracy offense charged in the later indictment and superseding information; he provides no bases or evidence, however, to support his position that his arrest warrant charging him only with violating §§ 841(a)(1) and (b)(1)(C), had to be supported by probable cause for a non-charged offense. (*See* No. 3:20-CV-2570-S-BH, doc. 33 at 7-8, 13-15, 26-27.) His unsupported arguments that the arrest warrant affidavit failed to provide probable cause pertaining to his subsequent conspiracy charge are without merit. He therefore fails to show that counsel's performance was deficient on this additional basis.

2570-S-BH, doc. 33 at 13-15, 23, 26-27.)  He fails to identify any of the alleged search warrants or any of their respective supporting affidavits, and he does not identify any evidence unlawfully seized from his property at the hotel based on the warrants that counsel should have moved to suppress.[14]  His conclusory and unsubstantiated allegations fail to show deficient performance under the first *Strickland* prong.[15]  *See Miller*, 200 F.3d at 282; *Ross*, 694 F.2d at 1011.

Movant also has failed to show prejudice under *Strickland* for any of his new claims.  His conclusory *post hoc* and unsubstantiated assertions of prejudice are insufficient to satisfy his burden to show a reasonable probability that but for counsel's alleged deficiencies, he would not have pled guilty and would have insisted on proceeding to trial, or that the results of the proceedings would have been different.  *See Lee*, 137 S. Ct. at 1967; *Miller*, 200 F.3d at 282; *Ross*, 694 F.2d at 1011.  His new claims should therefore be denied.

## V.    INVOLUNTARINESS OF PLEA

In his memorandum, Movant contends that "his plea was not knowingly and voluntarily made . . . [sic] [Movant] argues that the misinformation of the elements of a § 924(c)(1)(A)'(iii)' [sic] charge affected his decision to plea [sic] guilty to a crime he feels he did not commit within the meaning of the statute."  (No. 3:20-CV-2570-S-BH, doc. 4 at 20-21.)  He appears to claim that his guilty plea on Count Two was coerced by counsel who "strategicly [sic] Gaslighted [Movant]

---

[14] The record indicates that on the date of Movant's arrest, he became involved in a verbal altercation with another person at the drug-involved hotel, and Movant shot the person in the foot.  (*See* doc. 206-1 at ¶ 32.)  The shooting was verified by hotel surveillance footage, which showed Movant entering Room 360 after the shooting, and before he left the hotel.  (*See id.*)  There was a subsequent search of Room 360 that revealed two handguns and several types of narcotics, none of which were attributed to Movant for purposes of sentencing.  (*See id.*)  Movant has not provided any facts or evidence to show that this search was unlawful.  Nor has he alleged or shown a reasonable probability that the result of the proceedings would have been different had counsel challenged the search.  To the extent his claims are referring to this search, he still fails to satisfy his burden under *Strickland*, and the claims should be denied.

[15] To the extent Movant argues that counsel should have moved to suppress any evidence under the "fruit of the poisonous tree" doctrine based on the alleged lack of probable cause to support his arrest, such argument is without merit, as discussed.  (*See* No. 3:20-CV-2570-S-BH, doc. 33 at 15-16, 27-28.)  He therefore is not entitled to § 2255 relief on this additional basis.

into believing what he was asserting concerning the § 924(c) charge." (*Id.*, doc. 4 at 21; *see also id.*, doc. 20 at 12-13.)

A plea of guilty waives a number of constitutional rights. *United States v. Ruiz*, 536 U.S. 622, 628 (2002); *Boykin v. Alabama*, 395 U.S. 238, 242-43 (1969). Consequently, "the Constitution insists, among other things, that the defendant enter a guilty plea that is 'voluntary' and that the defendant must make related waivers 'knowing[ly], intelligent[ly], [and] with sufficient awareness of the relevant circumstances and likely consequences.'" *Ruiz*, 536 U.S. at 629 (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)); *accord Bousley v. United States*, 523 U.S. 614, 618 (1998) ("A plea of guilty is constitutionally valid only to the extent it is 'voluntary' and 'intelligent.'") (quoting *Brady*, 397 U.S. at 748). A plea qualifies as intelligent when the criminal defendant enters it after receiving "real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process." *Bousley*, 523 U.S. at 618 (quoting *Smith v. O'Grady*, 312 U.S. 329, 334 (1941)) (internal quotation marks omitted). In determining whether a plea is intelligent, "the critical issue is whether the defendant understood the nature and substance of the charges against him, and not necessarily whether he understood their technical legal effect." *Taylor v. Whitley*, 933 F.2d 325, 329 (5th Cir. 1991).

"*Boykin* requires that defendants have a hearing prior to entry of the plea, at which there needs to be an affirmative showing that the decision to plead guilty was voluntarily and intelligently made." *Matthew v. Johnson*, 201 F.3d 353, 367 n.22 (5th Cir. 2000). "Rule 11 of the Federal Rules of Criminal Procedure requires a judge to address a defendant about to enter a plea of guilty, to ensure that he understands the law of his crime in relation to the facts of his case, as well as his rights as a criminal defendant." *United States v. Vonn*, 535 U.S. 55, 62 (2002). "The very premise of the required Rule 11 colloquy is that, even if counsel is present, the defendant may

not adequately understand the rights set forth in the Rule unless the judge explains them." *Id.* at 78 (Stevens, J., concurring). A determination of whether a defendant understands the consequences of his guilty plea does not require a trial court to determine that the defendant has a perfect understanding of the consequences, however. The court must only ascertain whether the defendant has a realistic or reasonable understanding of his plea. *See United States v. Gracia*, 983 F.2d 625, 627-28 (5th Cir. 1993) (recognizing that one of the core concerns behind Rule 11 is "a realistic understanding of the consequences of a guilty plea"). Compliance with the admonishments required under Rule 11 "provides prophylactic protection for the constitutional rights involved in the entry of guilty pleas." *Id.* at 627.

"The voluntariness of a plea is determined by 'considering all of the relevant circumstances surrounding it.'" *Fisher v. Wainwright*, 584 F.2d 691, 693 (5th Cir. 1978) (quoting *Brady*, 397 U.S. at 749). Courts considering challenges to guilty pleas "have focused on three core concerns: absence of coercion, the defendant's understanding of the charges, and a realistic understanding of the consequences of a guilty plea." *Gracia*, 983 F.2d at 627-28. A realistic understanding of the consequences of a guilty plea means that the defendant knows "the immediate and automatic consequences of that plea such as the maximum sentence length or fine." *Duke v. Cockrell*, 292 F.3d 414, 417 (5th Cir. 2002). "If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea . . . will be upheld on federal review." *Frank v. Blackburn*, 646 F.2d 873, 882 (5th Cir. 1980) (en banc), *modified on other grounds*, 646 F.2d 902 (5th Cir. 1981).

Here, Movant's allegations that he was "gaslighted" into pleading guilty to Count Two are contradicted by the record. Count Two of the superseding information charged him with "knowingly carr[ying], brandish[ing] and discharg[ing] a firearm during an in relation to and in

24

the furtherance of a drug trafficking crime"--the conspiracy offense in Count One. (doc. 110 at 4.) In his plea agreement, Movant agreed that he was pleading guilty to the offenses alleged in Counts One and Two of the superseding information. (*See* doc. 107 at 1-2.) The plea agreement also advised him that the § 924(c) charge to which he was pleading guilty under Count Two involved discharging a firearm in furtherance of a drug trafficking crime, and he was subjecting himself to a term of "not less than 10 years and not more than life"; Movant agreed that he understood the nature and elements of the offenses to which he was pleading guilty, that the factual resume he submitted was true, and that his guilty plea was freely and voluntarily made, and was not the result of force, threats, or promises outside of those in the plea agreement (*Id.* at 2-3, 8.) At his re-arraignment, the term "discharged" in reference to the firearm was added to the essential elements set forth in the factual resume for Count Two, and Movant subsequently admitted that he committed all of the essential elements of both counts, as amended; he acknowledged that he was subjecting himself to a term of imprisonment of 10 years to life on Count Two by pleading guilty and was admonished that his guilty plea must not be induced or prompted by any promises, pressure, threats, force, or coercion or any kind. (*See* doc. 734 at 7-8, 16-17, 23-25.) With this knowledge, Movant swore in open court that no one in any way attempted to force him to plead guilty, and he persisted with his guilty plea. (*See id.* at 22.)

Inmates who challenge their guilty pleas on collateral review must overcome a "strong presumption of verity" accorded "solemn declarations" made in open court. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). They must also overcome the presumption of regularity and "great weight" accorded court records. *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994) (holding that a signed, unambiguous plea agreement "is accorded great evidentiary weight" when determining whether a plea is entered voluntarily and knowingly); *Bonvillain v. Blackburn*, 780 F.2d 1248,

1252 (5th Cir. 1986) (holding that court records are "accorded great weight"); *Webster v. Estelle*, 505 F.2d 926, 929-30 (5th Cir. 1974) (holding that "official records are entitled to a presumption of regularity").

Movant has failed to overcome the presumption of verity given to his sworn statements in open court, and the great evidentiary weight accorded to court records. *See Blackledge*, 431 U.S. at 74. His conclusory assertions that he was "gaslighted" as to Count Two are not evidence of coercion or lack of awareness of the consequences of his guilty plea; to the extent his assertions rely on the merits of his claims of ineffective assistance of counsel, Movant has failed to show that he is entitled to relief on those grounds for the reasons discussed. He has not shown that his guilty plea on Count Two was unknowing or involuntary. He is not entitled to § 2255 relief on this claim, and it should be denied.

## VI.    WAIVER

In his memorandum and reply, Movant alleges that in connection with Count Two, (1) "it was also prosecutorial misconduct for allowing [Movant] to plea [sic] guilty to [a] [sic] crime that the facts did not substantiate under the statutory language of § 924(c)(1)(A)'(iii)' [sic]"; (2) "the district court erred, because [a] [sic] district court may not enter a judgment of conviction based on a guilty plea unless it determines that there is a factual basis for the plea"; and (3) "his due process rights were violated because Count One does not satisfy § 924(c) definition of drug trafficking." (No. 3:20-CV-2570-S-BH, doc. 4 at 21, 26, 31; *see also id.*, doc. 20 at 4.)

The plea agreement waiver in this case bars all claims on collateral review under § 2255, except for those that go to the voluntariness of Movant's guilty plea or the appeal waiver and to the ineffectiveness of counsel. (*See* doc. 107 at 8.) His direct claims of prosecutorial misconduct, court error, and violation of due process regarding Count Two do not challenge the voluntariness

of his guilty plea or the appeal waiver, and they do not involve the alleged ineffective assistance of counsel.[16]   The Fifth Circuit has held that generally, "an informed and voluntary waiver of post-conviction relief is effective to bar such relief." *United States v. Wilkes,* 20 F.3d 651, 653 (5th Cir. 1994) (per curiam), *accord United States v. White,* 307 F.3d 336, 343 (5th Cir. 2002). "[D]efendants can waive the right to challenge both illegal and unconstitutional sentences." *United States v. Barnes*, 953 F.3d 383, 389 (5th Cir. 2020).   A collateral review plea waiver also bars a collateral attack under § 2255 based on new case law.  *See United States v. Caldwell*, 38 F.4th 1161, 1161-62 (5th Cir. 2022) (per curiam) (citing *Grzegorczyk v. United States*, 142 S. Ct. 2580, 2580 (2022) (stating that a § 2255 movant's unconditional guilty plea "precluded any argument based on the new case law.")).  Movant's claims are barred by his plea waiver.

The Fifth Circuit has recognized exceptions to an informed and voluntary plea waiver in instances involving ineffective assistance of counsel claims affecting the validity of the collateral review waiver or guilty plea, and "'where the sentence facially (or perhaps indisputably) exceeds the statutory limits.'"  *United States v. Hollins*, 97 F. App'x 477, 479 (5th Cir. 2004) (quoting *White*, 307 F.3d at 343 n.4).  Movant has failed to show that his guilty plea and collateral review waiver were involuntary based on the alleged ineffective assistance of counsel, as discussed, and he does not allege that his sentence exceeds the statutory maximum for the challenged conviction. He therefore has failed to show that an exception to his plea waiver applies.

Because Movant's claims of prosecutorial misconduct, court error, and violation of due process are barred by his knowing and voluntary plea waiver, and he has failed to show that any exception to his plea waiver applies, he is not entitled to § 2255 relief on these claims and they

---

[16] Movant's claims challenging the voluntariness of his guilty plea and alleging ineffective assistance of counsel have been addressed separately.

should be denied.[17]

## VII.    ACTUAL INNOCENCE

In his reply, Movant "alleged that he is actually innocent of the § 924(c) charge." (No. 3:20-CV-2570-S-BH, doc. 20 at 7; *see id.*, doc. 20 at 9-11.)

Both the Supreme Court and the Fifth Circuit have held that a stand-alone claim of actual innocence is not a ground for habeas relief. *See Herrera v. Collins,* 506 U.S. 390, 400-01 (1993); *Dowthitt v. Johnson,* 230 F.3d 733, 741 (5th Cir. 2000). Even if a "truly persuasive" showing of actual innocence would warrant federal habeas relief, the threshold would be "extraordinarily high." *Herrera*, 506 U.S. at 417.

Movant has not met this high burden. A claim of "[a]ctual innocence means 'factual innocence, and not mere legal insufficiency.'" *United States v. Jones*, 172 F.3d 381, 384 (5th Cir. 1999) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). Beyond conclusory allegations, Movant does not present any facts or evidence showing that he is factually innocent of the conduct underlying his § 924(c) conviction; to the contrary, he admits to the underlying conduct in his § 2255 filings. (*See* No. 3:20-CV-2570-S-BH, doc. 4 at 24-25.) He instead argues that his conduct was legally insufficient to show a violation of § 924(c)(1)(A)(iii) and subject him to a heightened 10-year mandatory minimum sentence for Count Two. (*See id.*, doc. 4 at 25-30; doc. 20 at 13, 21.) Because "mere legal insufficiency" is insufficient to establish actual innocence, he has not demonstrated that he is entitled to § 2255 relief, and his claim should be denied. *Jones*, 172 F.3d at 384.

---

[17] The Government also argues in the alternative that these claims are procedurally barred because Movant did not raise them on direct appeal, and he also has not established cause for the omission and resulting prejudice. (*See* No. 3:20-CV-2570-S-BH, doc. 14 at 12-13.) Because these claims are barred by the waiver, this additional argument is not addressed.

## VIII.   EVIDENTIARY HEARING

Movant requests an evidentiary hearing before this Court.  (*See* No. 3:20-CV-2570-S-BH, doc. 20 at 22; *see id.*, doc. 33 at 43.)  No evidentiary hearing is required when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b).  A movant "is entitled to an evidentiary hearing on his § 2255 motion only if he presents 'independent indicia of the likely merit of [his] allegations.'"  *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013) (citation omitted).  "[B]are, conclusory allegations unsupported by other indicia of reliability in the record, do not compel a federal district court to hold an evidentiary hearing."  *Ross*, 694 F.2d at n.2.

Here, Movant has failed to demonstrate the existence of a factual dispute that creates a genuine issue.  He also has failed to come forward with independent indicia in support of the likely merit of his claims.  *See Reed*, 719 F.3d at 373.  Movant has therefore failed to demonstrate he is entitled to an evidentiary hearing on any of his claims.

## IX.   RECOMMENDATION

The *Amended Motion Under 28 U.S.C. Section 2255, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, received on September 25, 2020 (doc. 4), should be **DENIED** with prejudice.

**SIGNED this 26th day of June, 2023.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).


IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE